UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CYNTHIA FOSS,<br>　　　Plaintiff<br><br>　　　v.<br><br>SPENCER BREWERY,<br>ST. JOSEPH'S ABBEY, AND<br>BIG EASTERN EXPOSITION,<br>　　　Defendants | CIVIL ACTION NO.<br>4:18-CV-40011-TSH |
| CYNTHIA FOSS DBA HUNTER FOSS DESIGN,<br>　　　Plaintiff<br><br>　　　V.<br><br>SPENCER BREWERY, ST. JOSEPH'S ABBEY, RUGGLES MEDIA, NORTHEASTERN UNIVERSITY, CUP OF JULIE SHOW, AND BIG EASTERN EXPOSITION,<br>　　　Defendants | CIVIL ACTION NO.<br>4:18-CV-40125-TSH |

**DEFENDANTS, SPENCER BREWERY, LLC'S
AND ST. JOSEPH'S ABBEY'S, MOTION FOR JUDGMENT ON THE
<u>PLEADINGS/MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM</u>**

The Defendants, Spencer Brewery, LLC and St. Joseph's Abbey (misnomered)[1] (sometimes collectively, the "Abbey Defendants"), hereby move the Court for Judgment on the Pleadings in Civil Action No, 4:18-CV-40011-TSH (the "40011 Case") and for Dismissal for Failure to State a Claim in Civil Action No. 4:18-CV-40125-TSH (the "40125 Case"). As grounds for these consolidated motions, the Abbey Defendants state that Plaintiff Cynthia Foss ("Plaintiff") has failed to state a viable claim for copyright infringement against either Spencer

---

[1] Defendant's proper name is Cistercian Abbey of Spencer, Inc.

Brewery or St. Joseph's Abbey in the operative complaint in either action and, as such, the Abbey Defendants are entitled to entry to judgment in the 40011 Case and dismissal in the 40125 Case.

## FACTS[2]

1. Plaintiff alleges that she is the owner by assignment of copyrighted photographic illustrations and the copyright holder in completed images, which were licensed to Spencer Brewery and St. Joseph's Abbey beginning on September 13, 2016. See Second Amended Complaint in 40011 Case (Doc. 18) ("2d Am. Compl."), ¶ 10; Amended Complaint in 40125 Case (Doc. 23) ("Am. Compl."), ¶ 11.

2. Plaintiff alleges that her copyright was infringed by "video record[ing] the composition" and/or "video copying substantial portion of Foss' artwork" See 2d Am. Compl., ¶¶ 10-11; Am. Compl., ¶¶ 11-12.

3. The video recording is alleged to have been done by Eastern States Exposition ("Big E"),[3] and/or the Cup of JuliE Show (the "Show")[4] See 2d Am. Compl., ¶¶ 11, 16, 19; Am. Compl., ¶¶ 11-12.

4. It is undisputed that there was a Purchase Order dated August 12, 2016 ("Purchase Order"), which was issued by Plaintiff to Spencer Brewery and St. Joseph's Abbey and signed by both the Plaintiff and Father Isaac Keeley on behalf of the Abbey Defendants. See

---

[2] It is unclear what work(s) are covered by Plaintiff's recently filed Certificate of Registration. See Am. Compl., Ex. 1 (Doc. 23.1). For purposes of these consolidated motions only, the Abbey Defendants assume, but do not concede, that the Registration covers all of the materials Plaintiff delivered to them under the terms of the Purchase Order. However, Plaintiff has the burden of proof on this issue and has not specifically identified and described the works covered by the Registration in either of the operative complaints and/or attached copies of the art submitted with her application and, as such, the Abbey Defendants expressly reserve the right to contest the Registration, including, without limitation, what works are covered by it, if these consolidated motion are not granted.

[3] This Defendant is misnomered "Big Eastern Exposition" in the 40011 Case.

[4] The actual name of this show is "CoffeE with JuliE". This misnomered defendant has been amended out of the operative complaint in the 40125 Case.

2d Am. Compl., ¶¶ 2, 10, 15, 21.  The Purchase Order is expressly referenced in the Second Amended Complaint in the 40011 and was attached as an exhibit to both the original Complaint and the Amended Complaint in the 40011 Case.  See 2d Am. Compl., ¶¶ 2, 10, 15, 21.  The Purchase Order is also expressly referenced in the Amended Complaint in the 40125 Case.  See Am. Compl., ¶ 5, 9, 12, 15.

5.  The Purchase Order, a true and accurate copy of which is attached hereto as Exhibit 1, granted the Abbey Defendants a license to use the allegedly copyrighted works.

6.  The Purchase Order provides in Paragraph 2 that Plaintiff will provide three (3) "42"x42" Clear Window Digital Prints" for $137.50 each on "Large Format Clear Vinyl Cling[s]."[5]  Under the "Time Period" heading of Paragraph 2, Spencer Brewery and St. Joseph's Abbey were granted an express written license for "1 time use only for 2016 Big E Exhibit."[6]  See Ex. 1.  The "Category of Use" specified for the Clings in the Purchase Order is "Corporate Advertising & Promotion."  Id.

7.  The Purchase Order provides in Paragraphs 3 through 7 that Plaintiff will provide six (6) different "Printed Graphic[s] on Sintra"[7] of varying sizes and prices.  Under the "Time Period" heading in each of those Paragraphs, Spencer Brewery and St. Joseph's Abbey were granted an express written license to use and reuse the six (6) Panels "[u]ntil reprint or changes are needed."  Id.  Again, the "Category of Use" specified for the Panels in the Purchase Order is "Corporate Advertising & Promotion."  Id.

---

[5] The three (3) "Large Format Clear Vinyl Cling[s]" shall be referred to as the "Clings" in this memorandum.

[6] The Big E is a fair and exposition held in West Springfield for three weekends and two weeks each year in the September/October timeframe.

[7] The six (6) "Large Format Printed Graphic[s on] 3ml Sintra" shall be referred to as the "Panels" in this memorandum.

8. The Purchase Order also contains a typewritten "Copyright Release" on the face of its second page which provides:

> Copyright Release:
>
> Any transfer of copyrights is conditional upon receipt of full payment.
>
> All panels purchased will remain the property of St. Joseph's Abbey and Artist grants permission for continued reuse until a reprint or changes to the art is needed. St. Joseph's Abbey agrees to give the Artist first right of refusal on future work needed on these panels.
>
> Artist reserve any usage rights not expressly transferred in writing. Any uses beyond that granted to buyer herein shall require the payment of a mutually agreed-upon additional fee.

Id.

9. Plaintiff admits that Defendants Spencer Brewery, LLC and St. Joseph's Abbey made "full payment … on September 13, 2016" and therefore obtained a license to use the works as set forth in the Purchase Order. See 2d Am. Compl., ¶ 10; Am. Compl., ¶ 9.

10. Neither the Second Amended Complaint in the 40011 Case nor the Amended Complaint in the 40125 Case allege that Spencer Brewery, LLC and/or St. Joseph's Abbey used the Clings at any other time than the 2016 Big E.

11. Neither the Second Amended Complaint in the 40011 Case nor the Amended Complaint in the 40125 Case allege that Spencer Brewery, LLC and/or St. Joseph's Abbey reprinted the Panels or made changes to the Panels at any time.

## ARGUMENT

**I.   Standard of Review.**

A Rule 12(c) motion for judgment on the pleadings "is treated much like a Rule 12(b)(6) motion to dismiss." Perez–Acevedo v. Rivero–Cubano, 520 F.3d 26, 29 (1st Cir.2008). "'Because [a Rule 12(c)] motion calls for an assessment of the merits of the case at an embryonic

stage, the court must view the facts contained in the pleadings in the light most favorable to the non movant and draw all reasonable inferences therefrom …" Id. (quoting R.G. Fin. Corp. v. Vergara-Nunez, 446 F.3d 178, 182 (1st Cir. 2006.))  Moreover, "[t]here is no resolution of contested facts in connection with a Rule 12(c) motion: a court may enter judgment on the pleadings only if the properly considered facts conclusively establish the movant's point." R.G. Fin. Corp. v. Vergara-Nunez, 446 F.3d at 182.  Under the standard adopted in Bell Atlantic v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965, 165 L.Ed.2d 929 (2007), in order to survive a Rule 12(b)(6) motion, and therefore by extension a Rule 12(c) motion, the complaint must contain factual allegations that "raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true …"  "The make-or-break standard … is that the combined allegations, taken as true, must state a plausible, not a merely conceivable, case for relief." Sepulveda-Villarini v. Dep't of Educ. of P.R., 628 F.3d 25, 29 (1st Cir. 2010). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009) (internal citations and quotations omitted).

     In order to meet the Twombly standard, the complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action …" Twombly, 550 U.S. at 545, 127 S.Ct. at 1959.  Legal conclusions are ignored and, "under Rule 12(c), courts need not credit conclusory statements or merely subjective characterizations." Class v. Commonwealth of Puerto Rico, 309 F.Supp.2d 235, 236 (D.P.R.2004); see Soto–Torres v. Fraticelli, 654 F.3d 153, 158–159 (1st Cir.2011).

As a result of the obligation to view the facts and reasonable inferences in favor of the nonmovant, a court should "treat[ ] any allegations in the answer that contradict the complaint as false" when the defendant is the moving party. Goodman v. Williams, 287 F.Supp.2d 160, 161 (D.N.H.2003).

Subject to certain narrow exceptions and absent a conversion of the Rule 12(c) motion to a summary judgment motion under the procedure set forth in Rule 12(d), the court's review is confined to the complaint, the answer and any attached exhibits. See Fed.R.Civ.P. 12(d); Fed.R.Civ.P. 10(c) ("a written instrument that is an exhibit to a pleading is part of the pleading for all purposes"). The court may also consider any documents the authenticity of which are not disputed by the parties, as well as any documents central to the plaintiffs' claim and those sufficiently referred to in the complaint. See Curran v. Cousins, 509 F.3d 36, 44 (1st Cir.2007). When a complaint sufficiently refers to a document or the facts in the complaint are dependent upon a document offered by the movant, the document merges into the pleadings as long as the authenticity of the document is not challenged. See Beddall v. State Street Bank and Trust Co., 137 F.3d 12, 17 (1st Cir.1998).

## II.   There Are No Allegations of Defendants Spencer Brewery, LLC and St. Joseph's Abbey Acting Outside the Bounds of the Written License Granted Under the Purchase Order and, as a Result, They Are Immune From Liability for Copyright Infringement.

As noted above, the Purchase Order provides, in relevant part, that Spencer Brewery, LLC and St. Joseph's Abbey[8] were expressly granted permission for "1 time use only for 2016 Big E Exhibit" of the three (3) Clings. Under the terms of the Purchase Order, Spencer Brewery, LLC and St. Joseph's Abbey were granted express permission to use and reuse the six (6) Panels "[u]ntil reprint or changes needed."

---

[8] The Purchase Order is directed to Spencer Brewery, LLC but reflects that the work was "[c]ommisioned by" "St. Joseph's Abbey" on August 2, 2016. Additionally, the "Copyright Release" names St. Joseph's Abbey as the transferee of the copyrights.

There is no allegation in the Second Amended Complaint in the 40011 Case or the Amended Complaint in the 40125 Case that Spencer Brewery, LLC and/or St. Joseph's Abbey used the three (3) Clings at any time after the 2016 Big E Exhibit and therefore no violation of the terms of the license granted them under the Purchase Order is alleged.  See 2d Am. Compl., ¶ 10; Am. Compl. ¶ 9; compare with 2d. Am. Compl., ¶ 19; Am. Compl., ¶ 14.  Nor is there any allegation that Spencer Brewery, LLC and/or St. Joseph's Abbey reprinted the Panels or changed the Panels at any time and therefore no violation of the terms of the license granted them under the Purchase Order is alleged.  See id.  If a copyright licensee does not act outside the scope of his license, there can be no liability for copyright infringement.  See Estate of Hevia v. Portrio Corp., 602 F.3d 34, 41 (1st Cir. 2010); see also John G. Danielson, Inc. v. Winchester-Conant Properties, Inc., 322 F.3d 26, 40 (1st Cir. 2003) ("Uses of the copyrighted work that stay within the scope of a nonexclusive license are immunized from infringement suits."); Jacobsen v. Katzer, 535 F.3d 1373, 1380 (Fed. Cir. 2008) ("If, however, a license is limited in scope and the licensee acts outside the scope, the licensor can bring an action for copyright infringement.")  In light of the absence of an allegation of use of the Clings after the 2016 Big E and/or an allegation of reprint or changes to the Panels, Spencer Brewery, LLC and St. Joseph's Abbey are only alleged to have acted within the scope of their express license and therefore are immune from a suit for copyright infringement.  Accordingly, Plaintiff has failed to state a claim for copyright infringement as a matter of law in both actions.

## CONCLUSION

For the reasons set forth above, the Defendants are entitled to judgment on the pleadings in the 40011 Case and dismissal of the Amended Complaint in the 40125 Case.

**THE SPENCER BREWERY, LLC AND ST. JOSEPH'S ABBEY**

By their attorneys,

/s/ James P. Hoban
Thomas J. Conte, Esq.
BBO #566092
James P. Hoban, Esq.
BBO #633929
Alexandra N. Mansfield, Esq.
BBO #697163
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street, Suite 1700
Worcester, MA 01608-1477
tconte@mirickoconnell.com
jhoban@mirickoconnell.com
amansfield@mirickoconnell.com
Phone: (508) 791-8500
Fax:    (508) 791-8502

Dated: April 19, 2019

## CERTIFICATE OF SERVICE

I, James P. Hoban, hereby certify that this document(s), filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 19, 2019.

/s/ James P. Hoban
James P. Hoban, Esq.

Dated: April 19, 2019